Ex Parte Samuel F. Williams.

No. 19504.   Delivered December 8, 1937.

The opinion states the case.

*Chas. Owen* and *Sam Wasaff,* both of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This is an appeal from the order of the District Court of El Paso County, Texas, refusing to discharge the relator upon his application for bail.

According to the testimony adduced by the State, several persons, including the appellant and the deceased, Moore, were sitting in a saloon where they were engaged in drinking. The appellant walked out of the building and returned in a few minutes. Upon his return he drew a pistol and shot the deceased three times, killing him instantly. At the time he was shot, the deceased was not armed, nor was he making a demonstration of any kind. The record is void of any evidence of ill feeling existing between appellant and the deceased. No explanation was given by the appellant for his act in killing the deceased.

In the application for writ of habeas corpus, the appellant contends that the absence of motive shown for the homicide entitled him to bail, and this appeal is founded upon the refusal of the district judge to grant the appellant bail. The proven circumstances attending the tragedy reveal no fact justifying the appellant in committing the homicide. The fact alone that the motive of the slayer is not disclosed does not necessarily require the granting of bail. The expressions of this court upon the subject are numerous.

From the opinion of Judge Hawkins in Ex parte Polk, 268 S. W., 464, we take the following quotations:

"In determining if an accused charged with murder be entitled to bail, we have found it necessary to inquire if express malice be shown. Ex parte Francis, 91 Tex. Cr. R. 398, 239 S. W. 957; Ex parte Townsley, 87 Tex. Cr. R. 252, 220 S. W. 1092. See, also, many authorities cited in those opinions. It appears to be relator's contention that this homicide occurred suddenly, without premeditation and without motive, and that therefore evidence of express malice is absent. We cannot agree with relator in this respect. In section 2096, Branch's Ann. P. C., is found this statement:

" 'If a sudden killing is so deliberate as to satisfy and come within the definition of express malice, it may be murder in the first degree though there be no proof of motive.' "

Among many authorities cited supporting the text will be found Snowberger's Case, 58 Tex. Cr. R. 530, 126 S. W. 884, and Wynne's Case, 59 Texas Crim. Rep., 117, 127 S. W., 197.

As applied to the facts in the present instance, a further discussion of the case before us is not deemed necessary.

The judgment of the trial court denying the appellant bail is affirmed.

*Judgment affirmed.*