RANDALL MORSE V. STATE.

No. 24654. April 12, 1950.
Motion for Rehearing Denied May 10, 1950.

*Scarborough, Yates, Scarborough & Black,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder; the punishment, twenty years in the penitentiary.

Appellant and his wife owned and the wife operated the Caprock Inn, a beer tavern located in the village of Notrees, in Ector County. Appellant was a welder by trade and, when not engaged at that trade, assisted his wife in the operation of the tavern.

Sunday night, March 28, 1948, Priddy (the deceased), together with Mann, Baker, and Miss Mize, left Colorado City in Mann's car to take Baker to Notrees, where he was employed. They arrived at Notrees about 9:30 or 10 o'clock and stopped at a liquor store. There Baker purchased a bottle of whisky from Burdick, who lived in a back room of the building. The appellant (Morse), who was at the liquor store at the time,

accompanied Baker to the car and was introduced by Baker to the occupants of the automobile. Appellant got into the automobile and accompanied them to the tavern. Upon arriving at the tavern, appellant introduced the parties to his wife.

According to the state's testimony, soon thereafter appellant and deceased were in conversation, during which time they left the tavern for a short while. Upon returning, they continued the conversation; the witnesses heard something said between them relative to a taxi stand in Lamesa. Appellant was then heard to say, "Let's don't talk about it any more," and, as he turned his back as though to walk away, he turned back and hit Vernon Priddy (deceased) in the head with a beer bottle that he got off the table. Whereupon, Priddy, to defend himself, jumped up, and a fight ensued. Mann joined in the fight and appellant called to his wife "to get the gun." Mann and deceased left the building, followed shortly by appellant with a shotgun in his hand. Mann called to deceased to "watch him, he (meaning appellant) had a gun." Shortly thereafter, the report of a gun was heard and deceased lay mortally wounded from a gun shot that entered the left side "six or eight inches under the left arm." The size of the wound was about that of a half-dollar, evidencing that the shot was fired at close range.

No eye witness to the killing testified in behalf of the state. It is by the testimony of witnesses for appellant that appellant is identified as the one who fired the shot that killed the deceased.

Appellant did not testify as a witness in his own behalf.

According to the testimony, raising the defensive theory of self-defense, of Mrs. Stewart, a waitress in the tavern, and of Mrs. Morse, the wife of appellant, Mann and the deceased first began the difficulty by attacking the appellant. Their testimony raised the defense, also, of accident.

Appellant's counsel argues with much emphasis that the evidence does not authorize a conviction for murder upon malice aforethought and, in this connection, calls especial attention to the absence of testimony suggesting a motive for the killing or of ill-feeling or previous animosity towards the deceased on the part of appellant.

Malice, in its legal signification, as applied to the crime of murder, is primarily a condition of the mind and is evidenced

when the condition of mind shows a heart regardless of social duty and fatally bent on mischief. Being a condition of the mind, then, malice may arise instantly. Williams v. State, 90 Tex. Cr. R. 451, 235 S. W. 594; McClellan v. State, 118 Tex. Cr. R. 473, 40 S. W. 2d 87; Adams v. State, 147 Tex. Cr. R. 571, 181 S. W. 2d 91. Neither a motive for the killing nor a showing of ill-will, hatred, or hostility towards another is necessary in order to show the existence of malice. Butler v. State, 61 Tex. Cr. 133, 134 S. W. 230; Ex Parte Williams, 133 Tex. Cr. R. 346, 111 S. W. 2d 266; Harvey v. State, 150 Tex. Cr. R. 332;, 201 S. W. 2d 42. Indeed, it has been held that the intended shooting of one with a pistol is sufficient to authorize the jury to find that the shooting was actuated by malice. Brown v. State, 153 Tex. Cr. R. 1, 216 S. W. 2d 226; Lovelady v. State, 150 Tex. Cr. R. 50, 198 S. W. 2d 570.

The defensive theories of self-defense and accident having been rejected by the jury, the facts, from the standpoint of the state, showing that appellant began the difficulty by striking the deceased with a beer bottle and, as deceased and Mann fled from the building, followed them with a shotgun, with which he thereafter killed the deceased by shooting him at close range, are deemed sufficient to authorize the jury to say that the killing was upon malice aforethought.

The charges of the court and, also, the special requested charges have been examined in the light of the exceptions leveled against them.

The conclusion is expressed that the charge, as given, was a full and fair presentation of the law applicable to the case, and is not subjected to any claimed defect. No useful purpose would be served by discussing in detail the claimed errors in the charge of the court.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's vigorous contention that no malice is shown by the testimony, mainly on account of lack of time to form such malice, is not thought to be sound, especially in the light of the original opinion herein; nor do we find any testimony showing a

defense of a trailer home shown herein. Again, we do find that appellant became angry during this trouble and was pretty mad, relatively so, at the time Priddy was shot, as testified to by appellant's wife.

We think that the conduct of appellant in arming himself and going out of his place of business and shooting the deceased could have been utilized by the jury as evidence of malice if they saw fit to do so.

We think the views expressed in the original opinion correctly disposed of this matter, and the motion for a rehearing is therefore overruled.