**Roy BOATWRIGHT, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 31480.

Court of Criminal Appeals of Texas.

Feb. 17, 1960.

Mackin & Goldsmith, Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment four years.

In the shooting, the injured party, a 14-year old girl, was shot twice; her father,

who will hereinafter be referred to as deceased, was killed, and the appellant received several bullet wounds.

The testimony of the injured party and her two sisters will be summarized. Appellant, a friend of the family, came to their home on the Saturday night in question; their father (the deceased) was not at home. Appellant and their stepmother engaged in drinking, dancing and watching television until after midnight, at which time the girls saw appellant put his hand between their stepmother's legs, and in order to put a stop to what was going on suggested that everyone should go to bed. One of the girls said she was going to report to her father what they had seen; an argument ensued, and appellant left and went home, after suggesting that they not report what had happened because it would "start some trouble." The deceased came home very late at night and had been drinking, called appellant on the telephone and asked him to come over and have a drink. Appellant did not come, and deceased called him again. One of the girls, fearing difficulty, used an extension telephone in the bedroom, called appellant and told him not to come because there would be trouble if he did. In a few minutes, appellant and his wife arrived, and both men began shooting at each other simultaneously, during which fusilade the injured girl, who was standing behind her father, was hit twice by bullets from appellant's pistol.

Appellant, testifying in his own behalf, did not deny the indecent familiarity with deceased's wife except to say there was nothing to be ashamed of, stated that deceased called him and invited him over for a drink, that he did not comply with deceased's request, but when the daughter called and told him not to come because her father was drunk and "having trouble" he decided that perhaps he was needed and got up out of bed, armed himself because he and deceased had been talking about trading pistols, and got his wife to drive him to deceased's home. He stated that as

he and his wife entered the deceased stormed in the room and began firing at him, hitting him three times before he could begin firing. He also introduced into evidence a note written by the injured party while in the hospital in which she told appellant not to blame himself for what he had done and not to worry because she and her sisters would not let him go to jail.

Appellant's wife was not called as a witness.

Appellant brings forward two propositions. He first contends that as a matter of law malice is not shown.

We are unable to follow the reasoning in a portion of appellant's brief where he discusses cases which involved the offense of carrying a pistol but will attempt to discuss the murder cases upon which he relies.

In Villareal v. State, 140 Tex.Cr.R. 675, 146 S.W.2d 406, this Court had before it a death penalty in which certain inadmissible and extremely damaging evidence had been introduced without objection. There, it was said that without such inadmissible evidence the court entertained a serious doubt as to the sufficiency of the evidence and reversed the conviction so that another jury might pass upon the question uninfluenced by such evidence.

In Claxton v. State, 103 Tex.Cr.R. 233, 280 S.W. 832, the conviction was reversed on the court's charge. The court did, however, say that the only possible motive for the homicide was one that would reduce the offense to manslaughter. Such language is also found in the opinion in Maddox v. State, 95 Tex.Cr.R. 429, 254 S.W. 800. Scott v. State, Tex.Cr.App., 323 S.W. 2d 445, can have no application here because it dealt with the sufficiency of the identification of the accused in a burglary case.

■ A significant fact in this case is that there is no testimony in the record to show that any of the girls or anyone else reported the matter of the indecent act of

the appellant to deceased. So far as this record reveals, he may have died without knowing about the incident. Why the two men began shooting at each other, as the State's evidence says they did, is a matter that may never be known. So, here, we merely have a case where an accused received a telephone call inviting him to have a drink; he later received another call urging him not to come, which advice he did not heed but instead arose from his bed, armed himself with a pistol, went to the home of the deceased, and there shot him as well as the injured party in this case. Any malice he may have had toward deceased was carried over to the injured girl. Hodges v. State, 160 Tex.Cr.R. 579, 272 S.W.2d 902.

■ What this Court said about malice in Harvey v. State, 150 Tex.Cr.R. 332, 201 S.W.2d 42, 44, is deemed significant here. We quote therefrom:

> "It may exist without any former grudge or antecedent menace. It is a question of fact, inferable from the circumstances, and is generally supported by proof that the killing took place by means of the use of a weapon that is deadly per se. It may be inferred when a person fires a pistol in the direction of another, knowing that, if the latter is struck, serious bodily injury or death may result. It must be observed, however, that such circumstances do not necessarily constitute malice and the question which arises is usually one for the jury."

Still later, in Morse v. State, 154 Tex. Cr.R. 561, 229 S.W.2d 376, 377, we find the following:

> "Neither a motive for the killing nor a showing of ill-will, hatred, or hostility towards another is necessary in order to show the existence of malice. * * * Indeed, it has been held that the intended shooting of one with a pistol is sufficient to authorize the jury to find that the shooting was actuated by malice."

It is axiomatic that the jury may disbelieve any or all defensive testimony, and we have concluded that they were authorized under this record to find that appellant was actuated by malice when he armed himself, went to deceased's home, and shot him as well as his daughter.

■ Appellant's motion for new trial alleged that the verdict of the jury was arrived at by taking a quotient of the total penalties decided upon by each juror. In his brief, however, he concedes, and an examination of the statement of facts on the motion for new trial confirms, that there was a conflict in the testimony of the jurors and that this Court is bound by the trial court's decision on the issue of fact. Spicer v. State, 120 Tex.Cr.R. 440, 46 S.W. 2d 685.

■ Finding the evidence sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.