Jimmie Ruth SOWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 47985.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

John E. Cahoon, Sr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Neil McKay, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for murder with malice wherein the punishment was assessed at fifteen (15) years.

The record reflects that the appellant waived trial by jury and entered a plea of nolo contendere, which was accepted by the court after appellant was duly admonished.

The indictment alleged that on January 5, 1971, the appellant did with malice aforethought kill Ken Dell Sowell by choking and strangling him with a belt. The record reflects that the deceased was the stepson of the appellant.

Appellant's three grounds of error challenge the sufficiency of the evidence to sustain her conviction.

James Herbert Sowell, Jr., father of the deceased, testified that he was married to the appellant until May of 1971. Sowell further testified that after returning from work on January 5, 1971, he found that his son was not at home. After making several inquiries, Sowell called the Harris County Sheriff's office and a search for the seven year old boy ensued.

On the evening of January 8, 1971, appellant was being questioned by Captain William W. Fisher of the Sheriff's office concerning the whereabouts of her stepson when the appellant stated that Ken Dell Sowell was alive and at a hunting trailer located in San Jacinto County. After directing Fisher to the site, the appellant stated that she had strangled Ken Dell in Houston and led the officer to a shallow grave where the deceased was buried.

Dr. Jachimczyk, Chief Medical Examiner for Harris County, testified that an examination of the deceased's body revealed, among other things, a depressed groove of ½ inch in diameter completely encircling the neck with an imprint under the tip of one ear similar to that of a belt buckle. The witness further noted contusions on the left forearm, left elbow and left wrist. Doctor Jachimczyk further testifed that in his opinion Ken Dell Sowell died of suffocation due to ligature strangulation, which could have resulted from a man's belt. The witness further testified that pressure and strangulation would have to be applied constantly for three to five minutes to cause death.

The appellant testified that her marriage to the deceased's father was one marred by beatings, several separations and a previous divorce resulting from, among other things, her correction of the deceased. Appellant further testified that after attempting to whip the deceased with a belt in an effort to force him to eat his breakfast before departing for school on the date of the offense, the deceased grabbed the belt and struggle ensued. Her next remembrance was the deceased lying motionless on the floor. Immediately thereafter, appellant drove the body to her father's place in San Jacinto County, where she buried him.

Appellant contends that the evidence is insufficient to show intent to kill and to show malice aforethought.

■ ■ If the judge, as trier of the facts, had any evidence from which he might find an intention to kill, his finding would be binding on this court. The relative size and strength of the parties, the manner of the attack and the extent to which it is carried are all proper factors for consideration. See and compare Stanley v. State, 471 S.W.2d 72 (Tex.Cr.App. 1971); Sadler v. State, 364 S.W.2d 234 (Tex.Cr.App.1963).

■ Likewise, there is sufficient evidence for the court to find malice. Malice in the legal sense "does not have its popular meaning of hatred, ill will, or hostility towards another, but includes all of those states of mind in which a killing takes place without any cause which will in law justify, excuse, or extenuate the act. It may exist without any former grudge or antecedent menace." See and compare Stanley v. State, supra; Harvey v. State, 150 Tex.Cr.R. 332, 201 S.W.2d 42 (1947); Boatwright v. State, 169 Tex.Cr.R. 280, 343 S.W.2d 707 (1960).

■ Still further, it should be noted that appellant in the instant case entered her plea of nolo contendere to a charge of murder with malice. Under Article 27.02, Vernon's Ann.C.C.P., the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned. See Lucero v. State, 502 S.W.2d 750 (delivered December 19, 1973) and cases therein cited.

■ In view of the age of the child, the nature and extent of his injuries and the statement of the appellant, we find the evidence sufficient to sustain the court's finding that appellant was guilty of murder with malice aforethought.

In light of the facts earlier described, we find no merit in appellant's next ground of error that there was no evidence of any probative force to establish, beyond a reasonable doubt, that the death of the child came about by reason of her criminal act or agency.

The judgment is affirmed.