STEPHENS, Justice.
Ike Lee Brown appeals his conviction for murder. The jury assessed punishment at life imprisonment and a $10,000 fine. Brown contends the evidence is insufficient to establish that he knowingly and intentionally killed the deceased, and that the evidence is insufficient to support the jury’s finding that the grand jury exercised due diligence to determine the manner and means of death. We disagree with both of Brown’s contentions, and accordingly, affirm the judgment of the trial court.
In his first ground of error, Brown contends there is insufficient evidence to establish that he knowingly and intentionally killed the deceased. “The standard for reviewing the sufficiency of the evidence on appeal is the same for direct or circumstantial evidence cases; and that is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Garrett v. State, 682 S.W.2d 301, 304 (Tex.Crim.App.1984) (citations omitted).
Viewed in the light most favorable to the verdict, the record shows that Brown and the deceased left a party together, walked to another apartment complex, and entered another apartment. After a brief conversation between the two, an altercation broke out. We note at this point that Brown was about six feet one inch and weighed 180 to 190 pounds, while the deceased was four feet ten and one-half inches and weighed ninety-two pounds. During the altercation, Brown shoved the deceased against the wall, struck her with the back of his hand, then with his fist. The deceased fell to the floor. Brown dragged her into a closet and fled the apartment. The deceased’s body was found two days later in the same closet. When Brown was arrested, he had in his possession a necklace similar to one owned by the deceased. At Brown’s trial, the pathologist testified that the cause of death was three blows to the head; one to the back of the head and one to each side of the head. The jury found that Brown knowingly and intentionally caused the death of the deceased.
Intent and knowledge can be inferred from the acts, words, and conduct of the accused. Dues v. State, 634 S.W.2d 304, 305 (Tex.Crim.App.1982). Brown confessed to striking the deceased several times, knocking her to the floor, and then dragging her into the closet. Taking into account the facts recited above and those adduced at trial, along with the extent of the injuries and the relative size and strength of the parties, Lindsey v. State, 501 S.W.2d 647, 648 (Tex.Crim.App.1973), we conclude that a rational trier of fact could have found intent and knowledge be *508 yond a reasonable doubt. Further, these facts “show such a disregard for human life as would justify the jury’s conclusion that he intended to kill the deceased.” Phillips v. State, 216 S.W.2d 213, 214 (Tex.Crim.App.1949). See Sowell v. State, 503 S.W.2d 793, 795 (Tex.Crim.App.1974). There is no evidence to support an inference other than the guilt of Brown. See Denby v. State, 654 S.W.2d 457, 464 (Tex.Crim.App.1983). Brown’s first ground of error is overruled.
Brown next contends there is insufficient evidence to support the jury’s finding that the “manner and means” of inflicting the fatal injuries was unknown to the grand jury. We disagree.
We recognize that it is incumbent on the State to prove that the grand jury made diligent inquiry to ascertain the “manner and means” used to inflict death. Clark v. State, 208 S.W.2d 637, 638 (Tex.Crim.App.1948). However, “[wjhen an indictment alleges that the manner and means utilized to inflict an injury is unknown, and the evidence at trial does not show what type of object was used, a pri-ma facie showing exists that the object was unknown to the grand jury.” Washington v. State, 677 S.W.2d 142, 145 (Tex.App.—Dallas 1984, no writ) citing Cunningham v. State, 484 S.W.2d 906, 911 (Tex.Crim.App.1972). See Gragg v. State, 214 S.W.2d 292, 294 (Tex.Crim.App.1948). While the testimony of the grand jury foreman raises a doubt as to the grand jury’s diligence in inquiring into the “manner and means,” the evidence adduced at trial[1] indicates that additional investigation by the grand jury would not have made certain the exact “manner and means” utilized to inflict the fatal injuries. Simon v. State, 488 S.W.2d 439, 444 (Tex.Crim.App.1973). Further, the evidence adduced at trial created no doubt that Brown inflicted the injuries that caused the death of the deceased. Clark, 208 S.W.2d at 638. We conclude the evidence was sufficient to prove that the grand jury did not know and that they could not have determined the exact “manner and means” used to commit the offense. The ground of error is overruled and the judgment is affirmed.

. The pathologist testified that it was not possible to determine the type of instrument or object used to inflict the fatal injuries, except that the instrument or object was blunt.