**Marco Antonio QUINTERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–89–423–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Sept. 27, 1990.

Juan Jose Martinez, Barrio Law Center, Brownsville, for appellant.

Luis V. Saenz, County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN, and KEYS, JJ.

## OPINION

NYE, Chief Judge.

Appellant, Marco Antonio Quintero, pleaded nolo contendere in a bench trial for the offense of attempted capital murder for which the court found him guilty. At the punishment phase of the trial, a jury affirmatively found that appellant used or exhibited a deadly weapon in the commission of this offense and assessed punishment at sixty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. By his sole point of error, appellant asserts that the trial court erred by finding appellant guilty because there was insufficient evidence of his guilt based upon his plea of No Contest. We affirm the trial court's judgment.

Appellant claims that he informed the trial court that he accidentally shot the police officer and that the court erred by not requiring the State to prove that the shooting was intentional before finding appellant guilty. Appellant never made this statement at any time throughout the bench trial of this case. An examination of the record indicates that the sole mention that the shooting was accidental came in a letter in which appellant sought clemency from the trial judge.

A nolo contendere plea has the same legal effect as a plea of guilty, except that the nolo contendere plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based. *Sowell v. State,* 503 S.W.2d 793, 795 (Tex.Crim.App.1974); *Lucero v. State,* 502 S.W.2d 750, 752 (Tex.Crim.App. 1973); Tex.Code Crim.Proc.Ann. art. 27.-02(5) (Vernon 1989). Nevertheless, although appellant entered a nolo contendere plea, the State must introduce sufficient evidence to prove the elements of the alleged offense in order to support a conviction in a bench trial. *Cooper v. State,* 537 S.W.2d 940, 943 (Tex.Crim.App.1976); *Jones v. State,* 505 S.W.2d 903, 907 (Tex. Crim.App.1974); Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 1977).

The evidence introduced in support of the plea included the Brownsville Police Department Criminal Felony Case Fact Sheet and Synopsis of the investigation of the offense including a statement by the police officer who was wounded by appellant, a sworn statement by the store manager who was forced to open the store safe at gunpoint and the inculpatory statements

made during custodial interrogation of the accused and his accomplices. The statements indicate that appellant and three companions decided to rob a grocery store. They chose a store, accosted the store manager who was locking up for the evening, and forced him to open the store safe. Opening the store without the proper procedures triggered the in-store silent alarm. The police soon arrived, sirens blaring, to investigate the disturbance. As the police entered the store, appellant indicated to his companions that he did not want to be arrested and tried to escape. In the process, he shot and wounded a police officer.

The statement by Officer Luis Ponce, whom appellant wounded, indicates that Ponce arrived on the scene and found that an unforced entry had been made through the front door. He entered the store and proceeded towards the store office. As he walked towards the office, appellant sprang from behind the cash register stand closest to the office. Ponce saw that appellant had drawn his weapon and pointed it directly towards the officer, then appellant fired the weapon, hitting Ponce in the shoulder. As Ponce fell to the floor, appellant ran towards him. Appellant tried to take Ponce's service revolver away while still pointing his own weapon at Ponce. Ponce swung his arm at appellant in an attempt to disarm him while simultaneously discharging the service revolver in his general direction. As appellant ran towards the front door, Ponce continued firing until appellant fell against the door.

Section 19.03(a)(1) of the Texas Penal Code states that a person commits capital murder if that person commits murder as defined by Tex.Penal Code Ann. § 19.02 (Vernon 1989) and that person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who that person knows is a peace officer or fireman. Tex.Penal Code Ann. § 19.03(a)(1) (Vernon 1989). The written evidence introduced at the hearing for the entry of appellant's nolo contendere plea is sufficient to prove that appellant, while attempting to escape from a robbery, shot and wounded a peace officer whom he knew was investigating that same robbery. Appellant's sole point of error is overruled.

The judgment is AFFIRMED.