# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00228-CR

---

**Rosie Mae Webb, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF DALLAS COUNTY, 195TH JUDICIAL DISTRICT
NO. F-0000426-QN, HONORABLE JOHN RUNNELS NELMS, JUDGE PRESIDING**

---

Appellant Rosie Mae Webb was convicted of the offense of capital murder of a child under six years of age. *See* Tex. Penal Code Ann. § 19.03(a)(8) (West 1994). The State did not seek the death penalty; therefore, appellant's punishment is life imprisonment. *See id*. § 12.31(a). On appeal, appellant asserts that the evidence is legally and factually insufficient to support the jury's verdict. The judgment will be affirmed.

In reviewing the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Geesa v. State*, 820 S.W.2d 154, 167 (Tex. Crim. App. 1991); *Roberson v. State*, 16 S.W.3d 156, 164 (Tex. App.—Austin 2000, pet. ref'd).

The grand jury charged that appellant did unlawfully, knowingly, and intentionally "cause the death of Octavia Bryant, hereinafter called victim, by striking victim with a hand, a deadly weapon, a foot, a deadly weapon, a shoe, a deadly weapon, and a belt, a deadly weapon, and by striking victim with and against an object or objects, a deadly weapon, the exact nature of which is unknown to the grand jury, and the victim was at the time of the offense under six years of age." The jury was charged on the law of parties authorizing appellant's conviction if she acted either alone or as a party with another in committing the offense. *See* Tex. Penal Code Ann. §§ 7.01, .02 (West 1994).

Appellant's adult son Ennis Dwayne Davis lived with the forty-two-year-old appellant. The three-year-old victim, the victim's mother Camilla Bryant, and Fatima Sears also lived in appellant's house. At the time the victim was fatally injured, Camilla and Fatima were at work. Appellant's admissions,[1] photographic evidence, expert testimony, and other testimonial evidence showed that appellant and her son had caused the victim to suffer from serious physical abuse for several days before her fatal injuries. On the day of her fatal injuries, the victim had urinated in her bed. To punish the victim, appellant removed one of her own shoes and spanked the victim. Appellant admitted striking the victim on her shoulders and head with the shoe; however, she testified that striking the victim on the head with the shoe was accidental. The medical examiner testified that marks on the victim's head showed the imprint of appellant's shoe. While appellant was punishing the victim, appellant's son entered the room and started beating the victim with his belt. Appellant

---

[1] Before appellant was arrested and taken into custody during the investigation of the circumstances leading to the victim's death, appellant made a sworn statement in her own handwriting. Later after she was arrested and was in custody and after appellant had been advised of her constitutional and statutory rights, appellant made a statement in her own handwriting. During her trial, appellant testified in her own defense.

testified that she held the victim's shoulders and did not attempt to stop her son when he struck the victim fifteen or twenty times with his belt. When the victim collapsed unconscious, appellant unsuccessfully tried to resuscitate her by placing her in a bath tub and splashing water on her face. When the victim could not be revived, appellant's son called the 911 emergency number. On a recording of the 911 call, appellant could be heard telling her son to leave the house.[2]

When paramedics and police arrived at appellant's house, appellant and the victim were the only people in the house. The unconscious victim was taken to a hospital emergency facility, but she did not regain consciousness before physicians declared that she was dead. The death of three-year-old Octavia Bryant was caused by blunt force head injuries. This was the conclusion stated in the autopsy report; this finding is supported by extensive expert testimony of the medical examiner and two attending physicians.

Appellant argues that although her conduct might be described as reckless or criminally negligent, the evidence is insufficient to prove she knowingly and intentionally caused the death of Octavia Bryant. Therefore, appellant insists that the evidence is legally insufficient to support the jury's verdict finding her guilty of capital murder.

Intent and knowledge can be inferred from acts, words, and conduct of an accused. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); *Garcia v. State*, 16 S.W.3d 401, 405 (Tex. App.—El Paso 2000, pet. ref'd); *Brown v. State*, 704 S.W.2d 506, 507 (Tex. App.—Dallas 1986, pet. ref'd). In determining whether an assault was committed with the intent to murder, the nature and extent of the

---

[2] Appellant wanted her son to leave because she knew there was an unserved felony warrant for his arrest. Appellant did not want her son in the house when emergency personnel and police responded to the 911 call.

3

injuries and the relative size and strength of the parties may be taken into account. *See Sowell v. State*, 503 S.W.2d 793, 795 (Tex. Crim. App. 1974); *Lindsey v. State*, 501 S.W.2d 647, 648 (Tex. Crim. App. 1973); *Brown*, 704 S.W.2d at 507. Any violent assault on a young child may be reasonably expected to cause death. *Lindsey*, 501 S.W.2d at 648.

In this case, the extent and severity of the injuries inflicted do not reflect a simple spanking. The evidence shows that appellant engaged in conduct reasonably certain to cause death of a young child. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find that appellant, either acting alone or as a party, knowingly and intentionally caused the death of Octavia Bryant. The evidence is legally sufficient to support the jury's verdict. Appellant's first point of error is overruled.

Appellant also asserts that the evidence is factually insufficient to support the jury's verdict. In reviewing factual sufficiency of the evidence, we view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed). In performing a factual sufficiency review, the courts of appeals are required to give deference to the jury verdict and examine all the evidence impartially, setting aside the jury verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting *Clewis*, 922 S.W.2d at 129). The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review of the elements of a criminal offense asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine

4

confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Appellant states the standard for determining factual sufficiency of the evidence. However, the evidence and argument relied upon by appellant to demonstrate factual insufficiency of the evidence are identical to the evidence and argument relied upon to demonstrate legal insufficiency of the evidence. There is nothing else to consider except appellant's self-serving testimony that she did not intend to kill the victim. Viewing all of the evidence under the appropriate standard, we conclude the evidence is factually sufficient to support the jury's verdict. Appellant's second point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally[*]

Affirmed

Filed:  June 29, 2001

Do Not Publish

---

[*]  Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).