Opinion issued October 21, 2004 
 







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01137-CR




CURTIS WAYNE SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 950676




MEMORANDUM OPINION

          Curtis Wayne Smith, appellant, entered a plea of nolo contendere to a felony
charge of aggravated assault


 without an agreed recommendation for punishment. 
The trial court found appellant guilty and assessed punishment at three years in
prison. In three issues, appellant argues that (1) the trial court abused its discretion
in accepting appellant’s plea after appellant stated he did not believe he was guilty;
(2) appellant’s trial counsel was ineffective for allowing appellant to plead nolo
contendere after appellant stated he did not believe he was guilty; and (3) appellant’s
trial counsel was ineffective because he failed to zealously urge appellant’s
innocence.
          We affirm.
Factual and Procedural Background
          This is a case of road rage. Appellant pulled out of a parking lot and onto the
feeder road of a highway. In doing so, appellant entered the flow of traffic directly
in front of a Harris County constable, who was driving his personal car. The
constable changed lanes, passed appellant’s van, then cut in front of appellant. 
Appellant passed the constable and slammed on his brakes in front of the constable’s
car. According to appellant’s statement, the constable made a rude gesture, and,
when appellant started driving again, the constable followed him, riding his bumper
and switching lanes, scaring appellant. At some point, appellant stopped in a parking
lot, got out of his van holding a crowbar, and came up to the constable’s car. 
Appellant struck the constable’s car with his hand several times and yelled to the
constable, “Get out, I’m going to kick your a** for following me.” The constable
called for police assistance; appellant got back into his van and drove away; and the
constable followed. Appellant again stopped his van and told the constable he would
“kick a** if you don’t stop following me.” The constable rolled down his window,
identified himself as a police officer, and told appellant to wait in the van, but
produced no identification. Instead of complying, appellant insulted the constable
and got into his van and sped away. The constable again followed. Appellant
stopped his van and told the constable to go away. As he was placed in handcuffs,
appellant struggled with the officers. 
          In his written statement contained in the pre-sentence investigation report,
appellant acknowledged walking up to the constable’s car carrying a crowbar, but
denied threatening the constable with it. Appellant stated that he thought he was
being followed and was frightened; he did not believe the constable was a police
officer until another police officer arrived. 
          Appellant entered a plea of nolo contendere before a visiting judge. At the
time he entered the plea, appellant stated that he understood that the trial court could
find him guilty of aggravated assault with a deadly weapon. The judge questioned
appellant extensively, and ascertained that appellant understood his rights and the
consequences of his nolo contendere plea. Appellant testified that his plea was
voluntary; he also signed and initialed written admonishments, including a statement 
that his plea was both knowing and voluntary. 
          The next month, the presiding judge returned to the trial court and conducted
a punishment hearing. The following exchange then took place:
          THE COURT: I don’t take no contest pleas. How do you plead, guilty or not
guilty?
 
THE DEFENDANT: I don’t believe I’m guilty.
 
THE COURT: All right. Set it down. He can go to trial.
(At this time a recess was taken[.])
 
THE COURT: Okay. This is a continuation of the hearing. Are you ready to
do this?
 
THE DEFENDANT: Yes, sir. I’m sorry. I was just scared. I am just scared.
 
THE COURT: Based on your plea of no contest—is that what you wish to
plead, no contest?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Based on that plea of no contest, you understand that may result
in my making a finding of guilt, and my making a finding there is substantial
evidence to find you guilty. You understand that?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Do you persist in that?
 
THE DEFENDANT: Sir?
 
THE COURT: Do you persist in that plea of no contest? Listen up.
 
THE DEFENDANT: I just want to cooperate, sir.
 
THE COURT: I just want you to answer my questions. Do you persist in that
plea of no contest, yes or no?
 
THE DEFENDANT: Yes, sir.
 
THE COURT: Okay. Based on that plea and the evidence introduced, I find
you guilty as charged. 
 
          The evidence before the judge included a copy of the pre-sentence
investigation report that contained appellant’s statement; an extensive prior record,
including convictions for driving while intoxicated and possession of a controlled
substance/ and several letters of recommendation. In addition, appellant’s trial
counsel summarized appellant’s statement as contained in the pre-sentence
investigation report. The State argued that appellant had an anger management
problem, that he had several convictions, and that he should serve five years in
prison. The trial court assessed punishment at three years’ confinement. Appellant
did not file a motion for new trial.
Discussion
          Duty of Trial Court to Accept Appellant’s Plea
          In his first issue, appellant argues that the trial court abused its discretion in
accepting his plea of nolo contendere because he had made statements in the pre-sentence investigation report and during the punishment hearing indicating that he did
not believe he was guilty. 
          In support of his argument, appellant relies solely on Payne v. State, 790
S.W.2d 649 (Tex. Crim. App. 1990). Payne holds that, when a trial court is made
aware of facts that raise an issue as to the guilt of the accused, it may be an abuse of
the trial court’s discretion to refuse to allow a defendant to withdraw a guilty plea. 
Id. at 652. However, the issue in Payne and the issue before this Court are
distinguishable. In Payne, the appellant attempted to withdraw his guilty plea. Id.
at 651. In this case, appellant merely stated, “I don’t believe I’m guilty.” The trial
court apparently understood this to mean that appellant was pleading not guilty and
told him the case would go to trial. However, after a recess, appellant was again
before the trial court and persisted in entering a nolo contendere plea. Since appellant
did not again attempt to withdraw this plea, Payne does not apply to this case. 
          It is well established that a trial court has no duty to withdraw a defendant’s
plea of guilty sua sponte after the defendant has waived a jury. See Thomas v. State,
599 S.W.2d 823, 824 (Tex. Crim. App. 1983); Moon v. State, 572 S.W.2d 681, 682
(Tex. Crim. App. 1978); Edwards v. State, 921 S.W.2d 477, 480 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). “It is the duty of the trial court to consider
the evidence submitted and as the trier of the facts the court may find the appellant
guilty of a lesser offense and assess the appropriate punishment or it may find the
defendant not guilty.” Moon, 572 S.W.2d at 682. While appellant entered a nolo
contendere plea, not a guilty plea, a nolo contendere plea has the same legal effect
as a guilty plea. Sowell v. State, 503 S.W.2d 793, 795 (Tex. Crim. App. 1974). Here,
the trial court considered the facts and found the defendant guilty; it had no duty here
to withdraw appellant’s plea of nolo contendere.
          We overrule appellant’s first issue.
          Ineffective Assistance of Counsel 
          In his second and third issues, appellant complains he was denied effective
assistance of counsel because his trial counsel (1) allowed him to plead nolo
contendere, a plea made involuntary because appellant hesitated during the plea
hearing, stated he did not believe he was guilty, and made statements in the pre-sentence investigation report that could raise an issue of “apparent danger,” and (2)
failed to zealously urge appellant’s innocence. 
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See also Hernandez v. State, 988
S.W.2d 770, 770 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id.; McFarland v. State, 845 S.W.2d
824, 842-43 (Tex. Crim. App. 1992). Second, the defendant must show prejudice. 
Strickland, 466 U.S. at 693, 104 S. Ct. At 2067. This requires the defendant to show
that there is a reasonable probability that, but for his counsel’s unprofessional errors,
the result of the proceeding would have been different. Id. at 694. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Id. 
The failure to satisfy one prong of the Strickland test negates a court’s need to
consider the other. See Id. at 697. “Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.” Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). 
            A reviewing court must presume that counsel’s actions were taken as part of
a strategic plan for representing the client. See Young v. State, 991 S.W.2d 835, 837
(Tex. Crim. App. 1999). Appellant must overcome the presumption that trial
counsel’s strategy was sound and affirmatively demonstrate the alleged ineffective
assistance of counsel. See Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003); Thompson, 9 S.W.3d at 813. We cannot speculate beyond the record
provided. Any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). It is rare that a record on direct
appeal will be sufficient either to establish that counsel’s representation was so
deficient, so unreasonable or, so lacking in strategic decision-making to overcome the
presumption that counsel was reasonable and professional. Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002); Bone v. State, 77 S.W.3d 828, 834 (Tex.
Crim. App. 2000); Thompson, 9 S.W.3d at 813-14.
          Appellant had the burden of demonstrating from the record that his nolo
contendere plea was a result of his counsel’s ineffectiveness. The record before this
Court contains appellant’s signed and initialed statement that his plea was knowing
and voluntary. The trial court also heard evidence from both the State and appellant’s
counsel and had a copy of the pre-sentence investigation report before him when he
ruled. Appellant did not file a motion for new trial challenging his trial counsel’s
actions. There is nothing in the record that supports appellant’s contentions of
ineffective assistance. Therefore, appellant did not satisfy his burden of proving the
first prong of Strickland.
          Issues two and three are overruled. 
          We affirm the trial court’s judgment.
 
                                         

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.