Affirmed and Memorandum Opinion filed May 22, 2007








Affirmed and Memorandum Opinion filed May 22, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00312-CR

____________

 

RICHARD MARRQUIN RECIO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1030175

 



 

M E M O R A N D U M   O P I N I O N

Appellant Richard Marrquin Recio appeals his conviction for
murder asserting: (1)B(2)  his conviction is void because the
trial court viewed the pre-sentence investigation report prior to a finding of
guilt, (3) the trial court reversibly erred by failing to sua sponte
withdraw his plea of Ano contest@, and (4)B(5) his sentence
violates his state and federal constitutional rights against cruel and unusual
punishment. We affirm. 








I.  Factual and Procedural
Background

Appellant was charged with the offense of murder.  He
waived his right to a trial by jury, and entered a plea of Ano contest@ without an agreed
recommendation.  The trial court found that the evidence supported appellant=s guilt, deferred
proceedings without entering an adjudication of guilt, and ordered a
pre-sentence investigation(APSI@). Approximately
three months later, the trial court found appellant guilty and sentenced him to
twenty-five years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 

II.  Issues and Analysis

A.      Did
appellant preserve error on his first two issues relating to the trial court=s review of the
PSI report prior to adjudicating guilt?        

In his first two issues, appellant contends his convictions
are void because the trial judge reviewed the PSI report before finding him
guilty, in violation of his federal and state constitutional rights to due
process.  Appellant contends the error in this case is fundamental and thus did
not require an objection at the trial court level. To support this proposition,
he cites State ex rel. Turner v. McDonald, 676 S.W.2d 375 (Tex. Crim.
App. 1984) and State ex rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim.
App. 1983) (hereafter Athe McDonald cases@).   In the McDonald
cases, the Court of Criminal Appeals held that the trial court=s inspection of
the PSI report prior to a determination of guilt violates federal and state
rights to due process.   Turner, 676 S.W.2d at 379; Bryan, 662
S.W.2d at 8. 








Appellant acknowledges that the Court of Criminal Appeals
did not explicitly hold in the McDonald cases that the trial court=s procedure
constituted fundamental error.   However, appellant argues that the high court
implicitly so ruled in those cases based on its finding of fundamental error. 
Even if we accepted appellant=s interpretation of the McDonald cases,
we conclude that the facts of those cases are distinguishable from the facts in
the instant case.  In the McDonald cases, the trial judge viewed the PSI
report before making an determination of the defendant=s guilt.   Turner,
676 S.W .2d at 379; Bryan, 662 S.W.2d at 7.   The Court of Criminal
Appeals was concerned about due process violations when a judge considers A[w]holesale
evidence, almost always of a hearsay nature, not sworn to and not subject to
the rigors of cross‑examination...before a plea is even entered.@  Bryan,
662 S.W.2d at 7.         That did not occur in the case under review.   The
trial court reviewed the report after appellant entered a plea of Ano contest,@[1] signed a judicial
confession, and stipulated to the evidence of his guilt.  As a result, the
judge could not have used the PSI report to influence a decision on guilt, but
only to influence his punishment decision.  Thus, appellant=s constitutional
rights were not violated.  See Baldridge v. State, 77 S.W.3d 890, 892
(Tex. App.CHouston [14th Dist.] 2002, pet. ref=d); see also
Wissinger v. State, 702 S.W.2d 261, 263 (Tex. App.CHouston [1st
Dist.] 1985, pet. ref=d) (holding that when the judge considers
the presentencing report after the defendant pleads Ano contest,@ signs a judicial
confession, and stipulates to the evidence, Athe report could
not have influenced the judge except in deciding the appropriate punishment@).   Further, the
Code of Criminal Procedure permits a judge to inspect a PSI report once Athe defendant
pleads guilty or nolo contendere or is convicted of the offense.@  Tex. Code Crim. Proc. Ann. Art. 42.12 ' 9(c)  (Vernon
Supp. 2005).   Because appellant failed to object to the trial court=s review of his
PSI report, and the trial court did not commit a fundamental error by violating
his constitutional rights, we overrule appellant=s first two
issues.

B.      Did the trial court
reversibly err in failing to sua sponte withdraw appellant=s Ano contest@ plea? 

 








In his third issue, appellant contends the trial court
erred in failing to sua sponte  withdraw his plea of Ano contest@ because the
record raised an issue of the voluntariness of his plea.  To support his
argument, appellant relies on Payne v. State, 790 S.W.2d 649, 651 (Tex.
Crim. App. 1990), a case in which  the defendant presented evidence indicating
that he was guilty of a lesser offense during sentencing, after he had entered
a guilty plea.  Id.   However, Payne involved a timely motion by
the defendant to withdraw the guilty plea.  Id.  Therefore, Payne
does not support appellant=s position.  Id. 

A trial court has no duty to withdraw a defendant=s plea of guilty sua
sponte after the defendant has waived a jury trial, even if the evidence
fairly raises an issue as to the innocence of the defendant.  See Thomas v.
State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980); Moon v. State, 572
S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh=g).   As the trier
of fact, the trial court, without withdrawing the plea, may decide the issue,
either finding the defendant not guilty or guilty as it believes the facts
require.  Thomas, 599 S.W.2d at 824. Thus, no valid purpose would be
served by requiring a trial court to withdraw a guilty plea. See Moon,
572 S.W.2d at 682.  The trial court was not required to sua sponte withdraw
appellant=s prior plea based on his testimony at the
adjudication hearing. We overrule appellant=s third issue. 

C.      Did appellant preserve
error on his last two issues relating to his complaint that his twenty-five
year sentence constitutes cruel and unusual punishment?

 








In his  fourth and fifth issues, appellant contends his
twenty-five year sentence violates his federal and state constitutional rights
against cruel and unusual punishment.  See U.S. Const. amends. VIII, XIV; Tex. Const. art. I, 13. Like
many other rights, the constitutional rights to be free from cruel and unusual
punishment may be waived.  See Nicolas v. State, 56 S.W.3d 760, 768
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (concluding
that defendant waived claim that one concurrent and five consecutive sentences
imposed for three counts of aggravated sexual assault of child and three counts
of indecency with a child were cruel and unusual under both federal and state
constitutions, when he did not raise them in trial court); Solis v. State,
945 S.W.2d 300, 301 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d) (finding waiver
where defendant failed to object at punishment hearing that sentence was cruel
and unusual); see also Stewart v. LaGrand, 526 U.S. 115, 119, 119 S.Ct.
1018, 143 L.Ed.2d 196 (1999) (concluding defendant waived his right to complain
the gas chamber was cruel and unusual when he elected that method over Arizona=s default election
of death by lethal injection).   Because appellant failed to voice this
objection to his punishment in the trial court, he waived his complaint for
appellate review.  See Tex. R.
App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996).  Accordingly, we overrule appellant=s last two issues.


Having overruled all of appellant=s issues on
appeal, we affirm the trial court=s judgment. 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 22, 2007.

Panel consists of
Justices Anderson, Frost, and Mirabal (Senior Justice Mirabal sitting by
assignment).

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  For the purposes of this analysis, the legal effect
of a plea of Ano contest@ is
the same as a plea of guilty. See Sowell v. State, 503 S.W.2d 793, 795
(Tex. Crim. App.  1974).