William A. KNIGHT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 60740–60745.

Court of Criminal Appeals of Texas, Panel No. 1.

June 6, 1979.

Pat Bryant, San Antonio, Allan R. Manka, on appeal only, San Antonio, for appellant.

Bill M. White, Dist. Atty., Dick Ryman and Anton Paul Hajek, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

On June 19, 1978, appellant entered pleas of guilty to separate indictments charging him with the offenses of burglary (Cause No. 60,740), carrying a prohibited weapon (Cause No. 60,741), aggravated robbery—two cases (Cause Nos. 60,742 and 60,743), attempted murder (Cause No. 60,744) and attempted burglary (Cause No. 60,745).[1] The court convicted the appellant in each case and assessed his punishment accordingly.[2]

Appellant's court-appointed counsel has filed separate briefs in each of the six cases on appeal. Counsel has concluded that the appeals from the burglary and aggravated robbery convictions (Cause Nos. 60,740 and 60,742–60,743, respectively) are wholly frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). See *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969); *Jackson v. State*, 485 S.W.2d 553 (Tex.Cr.App.1972); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Copies of these briefs have been delivered to appellant and he has been advised of his opportunity to examine the record and file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's briefs in these three cases and agree that the appeals are wholly frivolous and without merit. Further, we find nothing in the record that might arguably support these appeals. Accordingly, the judgments

of conviction for the offenses of burglary (Cause No. 60,740) and aggravated robbery—two cases (Cause Nos. 60,742 and 60,743) are affirmed.

■ In appealing his conviction for possession of a prohibited weapon (Cause No. 60,741), appellant challenges the sufficiency of the evidence introduced to support his guilty plea. The indictment alleges, in pertinent part, that

". . . on or about the 29th day of January, A.D., 1978, WILLIAM ARTHUR KNIGHT did then and there knowingly and intentionally carry on and about his person A HANDGUN, on premises licensed and issued a permit by the State of Texas for the sale and service of alcoholic beverages, namely: PEPPERMINT LOUNGE, located at 4306 SAN PEDRO, SAN ANTONIO, Bexar County, Texas . . . ."

The evidence introduced in support of appellant's guilty plea consisted of several statements by witnesses, all of whom were employees of the Peppermint Lounge in San Antonio. These witnesses stated that while they were working at the Peppermint Lounge on January 29, 1978, they observed the appellant inside the establishment with a handgun. An investigating police officer's report, also admitted into evidence by stipulation, stated that the officer "responded to a shooting call at the Peppermint Lounge, 4306 San Pedro, (Liquor License # LB85025)." We conclude that the evidence is sufficient to support appellant's conviction for unlawfully possessing a handgun.

■ In appealing his conviction for attempted murder (Cause No. 60,744), the appellant contends that the trial court should have sua sponte withdrawn his plea of guilty and entered a plea of not guilty because the evidence reasonably and fairly raised an issue as to his guilt. Appellant

1. All docket number references are to those assigned by Thomas Lowe, Esq., Clerk of the Court of Criminal Appeals.

2. The following periods of confinement were assessed by the court in each case: Cause No. 60,740—25 years; Cause No. 60,741—10 years; Cause Nos. 60,742 and 60,743—25 years in each case; Cause No. 60,744—20 years; and, Cause No. 60,745—25 years.

contends that the evidence introduced in support of his plea of guilty created a fact issue as to whether or not he shot the complainant in self-defense.

In *Moon v. State*, 572 S.W.2d 681 (Tex.Cr.App.1978), we held that the trial court is no longer required to sua sponte withdraw a plea of guilty and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to his guilt. Even if the rule were otherwise, the evidence in the present case would not warrant a withdrawal of appellant's plea of guilty because it does not reasonably and fairly raise an issue of appellant's guilt. The witnesses' statements introduced into evidence by stipulation of the parties clearly show that appellant was the aggressor in that he drew his weapon and fired it at the complainant without provocation. We conclude that, based on the evidence, the trial court did not err by failing to sua sponte withdraw appellant's plea of guilty and enter for him a plea of not guilty. Appellant's contention is overruled.

■ Lastly, in Cause No. 60,745, appellant was indicted for the offense of attempted burglary of a habitation and the stipulated evidence introduced in support of appellant's plea of guilty to this indictment was clearly sufficient under the provisions of Article 1.15, Vernon's Ann.C.C.P. to support a conviction for that offense.[3] The trial court however, for a reason unknown to us, convicted the appellant of burglary of a habitation, a first-degree felony, and assessed his punishment at 25 years' confinement. This was clearly error, but not such as would require a reversal of this conviction.

**3.** The stipulated evidence showed that after hearing "what sounded like glass breaking," the complainant's neighbor looked outside, observed the appellant at the complainant's house crouching beneath a broken glass window, and called the police. When appellant was ap-

■ Where this Court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Joles v. State*, 563 S.W.2d 619 (Tex.Cr.App.1978). The judgment in the present case can be reformed from the information we have in the record before us; accordingly, the judgment is reformed to read "Attempted Burglary," to conform to the indictment and proof. *Teamer v. State*, 557 S.W.2d 110 (Tex.Cr.App.1977); *Harris v. State*, 471 S.W.2d 390 (Tex.Cr.App.1971). Since the trial court assessed punishment in excess of the maximum punishment for the offense of attempted burglary, a second-degree felony, we remand this cause for the sole purpose of the reassessment of punishment by the court.

The judgments of conviction in Cause Nos. 60,740–60,744 are affirmed; we remand Cause No. 60,745 (trial docket No. 78–CR–1096) for the proper assessment of punishment.

It is so ordered.

prehended shortly thereafter, he admitted to the arresting officer that he broke the window. The complainant's affidavit established that she was in control of the premises in question and did not consent to the actions of the appellant.