Betty Lynn THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 64030.

Court of Criminal Appeals of Texas, Panel No. 1.

June 11, 1980.

Russell W. Henrichs, Dallas, for appellant.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

Henry M. Wade, Dist. Atty., Maridell Templeton and Todd C. Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of possession of a controlled substance, namely, heroin. Art. 4476–15, Sec. 4.04, V.A.C.S. The court assessed punishment at imprisonment for five years in the Texas Department of Corrections.

In a single ground of error, appellant contends that the trial court erred by failing to sua sponte withdraw appellant's plea of guilty when evidence was introduced which reasonably raised the question as to the appellant's guilt.

The record contains a written judicial confession wherein the appellant stated: "I did knowingly and intentionally possess a controlled substance, to-wit: heroin, as charged in the indictment."

The appellant contends that her own testimony after her plea of guilty raised a question of her guilt. The appellant had testified that she did not purchase the heroin and that she had no idea the heroin had been left in her purse.

In *Moon v. State*, 572 S.W.2d 681 (Tex.Cr. App.1978), this Court held that a trial court is no longer required to sua sponte withdraw a plea of guilty and enter a plea of not guilty for a defendant when the defendant enters the plea of guilty before the court after waiving a jury, even if evidence is adduced that might reasonably and fairly raise an issue of fact as to the guilt of the defendant. The trial judge as the trier of the facts may without withdrawing the plea decide the issue either finding the defendant not guilty or guilty as he believes the facts require. See *Sullivan v. State*, 573 S.W.2d 1, 4 (Tex.Cr.App.1978) and *Knight v. State*, 581 S.W.2d 692 (Tex.Cr.App.1979).

After having already received appellant's written judicial confession, the trial court did not err in failing to sua sponte withdraw appellant's plea of guilty and enter a plea of not guilty for her. Appellant's contention is overruled.

The judgment is affirmed.

ONION, Presiding Judge, dissenting.

This is a classic example of why the rule in *Moon v. State*, 572 S.W.2d 681 (Tex.Cr. App.1978), overruling long time precedent is wrong. Here before the finding of guilt by the trial court the appellant testified under oath that she did not purchase the heroin and had no idea that the heroin was in her purse which had been loaned to a friend. When this testimony was received, the court sua sponte should have halted the proceedings and offered the appellant an opportunity to withdraw such testimony or enter a plea of not guilty. If the appellant had refused such action, the court should then have entered a not guilty plea for her before proceeding.

It offends my sense of justice that a guilty plea proceeding is allowed to continue despite a defendant's protestations of innocence.

I dissent.