CR1-275 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-275-CR





LORENZO MORALES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 39,731, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





PER CURIAM



 Lorenzo Morales appeals his conviction for murder, enhanced by a prior conviction
for robbery. Appellant waived trial by jury, agreed to stipulate evidence, pleaded "guilty" to the
court (without a plea bargain), pleaded "true" to the enhancement allegation of the indictment,
made a written judicial confession, and requested a pre-sentence investigation report. At the
subsequent hearing, the court found appellant guilty, found the enhancement allegation true, and
assessed appellant's punishment at life imprisonment. We will affirm the judgment of conviction
and sentence.

 In one point of error, appellant contends that the court erred in failing to sua sponte
withdraw his guilty plea because information contained in the pre-sentence investigation report
raised the issue of self defense. Specifically, in the "psychological evaluation" section of the
report, when asked about the crime, appellant said that both he and the victim, with whom he had
been friends for many years, had been drinking that day and were intoxicated. Appellant said that
the victim was insulting appellant's daughter, which made appellant so angry that he went inside
his mobile home and got a shotgun, which he used to kill the victim. Appellant said that if he had
not killed him, the victim would have killed appellant, because the victim was "mean" and a
cocaine addict. Appellant said that in 1980 or 1981 the victim had beaten him up with a sawed-off
baseball bat.

 We need not decide whether the information in the report raised the issue of self
defense. In a trial before the court, the trial court is not required to withdraw a guilty plea even
if the evidence either makes the defendant's innocence evident, or reasonably and fairly raises the
issue. Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980); Moon v. State, 572
S.W.2d 681 (Tex. Crim. App. 1978); Graves v. State, 803 S.W.2d 342 (Tex. App. 1990). The
trial judge, as the trier of fact, may decide the issue without withdrawing the plea, finding the
defendant guilty or not guilty. Thomas, 599 S.W.2d at 824. 

 In the instant cause, the trial court was the trier of fact. As such, if the issue of
self defense were raised at all, the court could resolve the issue against appellant without
withdrawing the plea.

 We overrule appellant's point of error and affirm the judgment of conviction and
sentence. 



[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: February 5, 1992

[Do Not Publish]