NOS. 12-01-00304-CR


 12-01-00305-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BARRY NEAL ADAMS,
§
 APPEAL FROM THE 203RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 DALLAS COUNTY, TEXAS

 

PER CURIAM


 Barry Adams pleaded guilty to murder and arson. In each case, the trial court sentenced him
to twenty years of imprisonment and a $1,500.00 fine, to run concurrently. In three issues, Appellant
contends he did not receive effective assistance of counsel and the trial court erred in not
withdrawing his guilty pleas. We affirm the trial court's judgments.

 At the request of Donnie Curtis and Michael Ray, Appellant agreed to call his friend Derrick
Jones and ask him to meet him for the purpose of buying drugs from Jones. At the time he made the
call, he knew that Curtis and Ray intended to rob Jones. During the course of the robbery, Curtis and
Ray shot Jones, put him in the car they were driving, drove to another location, and shot him again. 
They then drove the car to another location and set it on fire. 

 In his first and second issues, Appellant contends that his testimony showed that he was
innocent of the crimes and that he acted out of fear for his own personal safety. Therefore, he argues,
the trial court erred in not sua sponte rejecting his guilty pleas in light of the fact that his acts were
justified and that he raised the defense of necessity. 

 Appellant's pleas were to the court, and not a jury. In such circumstances, the trial court has
no obligation to sua sponte withdraw a plea of guilty, even if evidence is presented which makes
evident the innocence of the defendant or reasonably and fairly raises an issue as to his guilt. 
Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980). Since the trial court, as the trier of
fact, was already under a duty to review and weigh the evidence submitted, it would serve no valid
purpose for the trial court to sua sponte withdraw the defendant's guilty plea. Moon v. State, 572
S.W.2d 681, 682 (Tex. Crim. App. 1978)(on reh'g).

 As we shall explain in our discussion of issue three, we have reviewed Appellant's testimony
and are not convinced that he raised the defense of necessity. However, even if he had, because he
waived his right to a jury and pleaded guilty to the trial court, the trial court had no duty to withdraw
his pleas. Thomas, 599 S.W.2d at 824. We overrule issues one and two.

 In his third issue, Appellant contends he did not receive effective assistance of counsel. 
Specifically, he complains that counsel did not advise him that he had a viable defense, necessity. 
He further argues that because he had said viable defense, counsel should have, but did not, advise
Appellant that he could withdraw his guilty pleas, move to withdraw the guilty pleas himself, and
object to the proceedings.

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Absent
a showing of both prongs of the Strickland test, this court cannot conclude that a defendant's
conviction resulted from a breakdown in the adversarial process such that it rendered the result
unreliable. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The test carries a strong presumption
that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065. An appellate court should not try to second guess trial counsel's
tactical decisions which do not fall below the objective standard of reasonableness. Young v. State,
991 S.W.2d 835, 837 (Tex. Crim. App. 1999). This is especially true where the decision in question
concerns presentation of a defense. Id. at 838. 

 The appellant bears the burden of proving ineffective assistance of counsel claims by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).
Claims of ineffective assistance of counsel must be supported by the record. See Mercado v. State,
615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). 

 Necessity has traditionally been a justification for conduct that would otherwise be criminal. 
Young, 991 S.W.2d at 838. The Penal Code sets out the elements a defendant must satisfy to be
entitled to rely on the defense of necessity. See Tex. Pen. Code Ann. § 9.22 (Vernon 1994). 
However, in order to raise the necessity defense, a defendant must admit to violating the statute
under which he is charged and then offer necessity as a justification which weighs against imposing
a criminal punishment for the acts which violated the statute. Young, 991 S.W.2d at 838. To be
guilty as a party, the defendant must have the intent to promote or assist the commission of the
offenses. See Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 1994).

 Appellant pleaded guilty as a party to murder and arson. However, he told the court he
thought he was just setting up the victim to be robbed and did not know Curtis and Ray were
planning on shooting Jones. Appellant explained that, although he did not know Ray personally, he
had heard that Ray had killed a lot of people. He testified that Ray and Curtis shot Jones. He stated
that, after the shooting began, he told them not to shoot Jones. Appellant testified that, after the first
round of shots, Jones was not dead and Appellant tried to keep Ray from shooting Jones. He told
Jones he would not let them kill him and that this was not supposed to happen. He explained that
he stayed with Curtis and Ray after the shooting because he knew of Ray's reputation and was afraid
of Ray. Ray threatened him and told him to sit back and be quiet. Appellant was afraid that Ray
might shoot him if he said anything or tried to leave. 

 While Appellant may have felt pressured to participate in the robbery and remain with Ray
and Curtis after the shooting out of fear for his own safety, his testimony does not raise the defense
of necessity. To raise necessity, Appellant must admit he either committed the offenses of murder
and arson, or that he was a party to those offenses, and then offer necessity as a justification. Young,
991 S.W.2d at 838. Here, Appellant did not admit to committing murder or arson or to being guilty
as a party. Although he signed judicial confessions, the trial testimony he claims raises the defense
of necessity is actually a denial that he committed the crimes. Appellant said he did not know there
was a plan to kill Jones, did not participate in or assist in the murder or arson, and did not want Jones
killed. As the testimony did not raise the defense of necessity, defense counsel was not required to
advise Appellant of the defense and that he should withdraw his guilty pleas based on that defense,
and counsel was not required to move to withdraw the pleas or object to the proceedings. Young,
991 S.W.2d at 839; Aldrich v. State, 53 S.W.3d 460, 468 (Tex. App.-Dallas 2001, pet. granted).

 Further, what advice counsel gave or did not give to Appellant is not contained in our record. 
A silent appellate record does not satisfy a defendant's burden to overcome the strong presumption
of attorney competence. Jackson, 973 S.W.2d at 957. Appellant did not meet his burden to show
trial counsel was ineffective. See Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064. We overrule
Appellant's third issue.

 We affirm the trial court's judgments.



Opinion delivered June 21, 2002.

Panel consisted of Worthen, J., and Griffith, J.























(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



JUNE 21, 2002



NOS. 12-01-00304-CR


 


BARRY NEAL ADAMS,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 203rd Judicial District Court


 of Dallas County, Texas. (Tr.Ct.No. F00-724058-P)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 By per curiam opinion.

 Panel consisted of Worthen, J., and Griffith, J.

 








COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



JUNE 21, 2002



NOS. 12-01-00305-CR


 


BARRY NEAL ADAMS,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 203rd Judicial District Court


 of Dallas County, Texas. (Tr.Ct.No. F00-18558-LP)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 By per curiam opinion.

 Panel consisted of Worthen, J., and Griffith, J.


THE STATE OF TEXAS


M A N D A T E


*********************************************




TO THE 203RD DISTRICT COURT of DALLAS COUNTY, GREETING: 


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 21st day
of June, 2002, the cause upon appeal to revise or reverse your judgment between


BARRY NEAL ADAMS, Appellant



NO. 12-01-00304-CR; Trial Court No. F00-724058-P



By per curiam opinion.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:


 "THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance."


 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JIM WORTHEN, Justice of our Court of Appeals for
the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the
______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk

THE STATE OF TEXAS


M A N D A T E


*********************************************




TO THE 203RD DISTRICT COURT of DALLAS COUNTY, GREETING: 


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 21st day
of June, 2002, the cause upon appeal to revise or reverse your judgment between


BARRY NEAL ADAMS, Appellant



NO. 12-01-00305-CR; Trial Court No. F00-18558-P



By per curiam opinion.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:


 "THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance."


 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JIM WORTHEN, Justice of our Court of Appeals for
the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the
______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk