11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Arthur Harold Langston

Appellant

Vs.                   No.
11-03-00010-CR B Appeal from Dallas County

State of Texas

Appellee

 

Arthur
Harold Langston waived his right to a jury and entered an open plea of guilty
to the offense of robbery. Appellant also entered a plea of true to the
enhancement allegation.  A plea bargain
agreement was not entered.  The trial
court convicted appellant and assessed his punishment at confinement for 11
years.  We affirm.

In his
sole point of error, appellant complains that the trial court erred when it did
not sua sponte withdraw his plea of guilty. 
Appellant contends that, at both the guilt/innocence phase and the
subsequent punishment phase, his testimony shows that he did not intend to hurt
the clerk at the  store when he stole
some lottery tickets.  Therefore, he
could not be guilty of robbery; and the trial court abused its discretion.

At the guilt/innocence
phase, appellant entered a plea of guilty to robbery; and his judicial
confession was admitted into evidence. 
The following occurred when the trial court questioned appellant:

THE COURT:
And no one=s forced you, threatened you or promised you
anything, done anything to you to get you to plead guilty or to plead true; is
that right?

 

[APPELLANT]:
No, sir.

 








THE COURT:
Okay. And what the police and the prosecutor claim happened in this case is
that they claim you were taking some items that didn=t belong to you and that when
someone-somewhere in there that somebody got injured in some way, not
seriously, badly injured, but just something that caused them a certain amount
of pain, and that you were responsible for that.  And by pleading guilty you=re saying that that=s true, that that did happen; is that right?

 

[APPELLANT]:
I did not hurt him, but I plead[ed] guilty because that  - - 

 

THE COURT:
You had struggled with him and he kind of got hurt in the struggle?

 

[APPELLANT[:
Yeah, he quoted that I had hit him, so I did do that.

 

THE COURT:
So that=s how he got hurt in the struggle?

 

[APPELLANT]:
Yeah.

 

THE COURT:
Okay.

 

[APPELLANT]:
I am responsible for it.  

 

At the punishment phase
of the trial, appellant testified that he was pulling on a box of lottery
tickets the same time that the clerk was pulling on it, that he hurt the clerk,
and that “[i]t wasn’t like [he] intentionally tried to...hurt him.”  Appellant also stated that he was aware that
this case was a robbery because he had caused the clerk physical pain.  Appellant admitted that, during the offense,
he “brandished” a plastic gun “like it was a real gun” and threatened to shoot
the clerk.  The clerk did not know that
the gun was a toy, and appellant told the clerk that he was going to kill
him.  At the time of the offense,
appellant was on parole for aggravated robbery with a deadly weapon.  Appellant also stated that the clerk hit him
with a baseball bat “which [the clerk] had a right to do.”

A trial
court is not required to sua sponte withdraw a guilty plea and enter a plea of
not guilty when the accused enters the guilty plea before the court after
waiving a jury.  Thomas v. State, 599
S.W.2d 823 (Tex.Cr.App.1980); Moon v. State, 572 S.W.2d 681
(Tex.Cr.App.1978).  This rule applies
even if evidence is presented which raises an issue of fact as to the guilt of
the accused.  The trial court, as the
trier of fact, may decide the issue of the accused=s guilt without withdrawing the plea.  Thomas v. State, supra; Moon v. State,
supra.  Accordingly, the trial court did
not err in failing to sua sponte withdraw appellant=s guilty plea.  The point of error is overruled.








Furthermore,
we note that the evidence supports appellant=s conviction.  Appellant
admitted that he hurt the clerk, that he caused the clerk physical pain, and
that the clerk had a “right” to hit him with a baseball bat. 

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

July 31, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.