11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jerry Ray Wiggins

Appellant

Vs.                   No. 11-03-00025-CR -- Appeal
from Collin County

State of Texas

Appellee

 

Jerry Ray
Wiggins entered open pleas of guilty to the offenses of sexual assault of a
child and indecency with a child by contact. 
The trial court convicted appellant of both offenses and assessed the
punishment for each count at confinement for 15 years.  We affirm. 


Appellant
presents three points of error.  In the
first point, he contends that the trial court erred in finding that appellant
received effective assistance of counsel at trial.  Appellant points specifically to his testimony before the grand
jury; to his trial counsel=s Aconfusion regarding terminology, procedure
and issues@; to trial counsel=s subpoenaing of adverse witnesses whom he
had not interviewed; to trial counsel=s acknowledgment of his incompetence in advising appellant to plead
guilty; and to trial counsel=s misrepresentations.  








In order
to determine whether appellant=s trial counsel rendered ineffective assistance at trial, we must first
determine whether appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex.Cr.App.1986).  In
order to assess counsel=s performance, we must make every effort to eliminate the distorting
effects of hindsight, to reconstruct the circumstances, and to evaluate the
conduct from counsel=s
perspective at the time.  We must
indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance; and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813
S.W.2d 503, 508‑09 (Tex.Cr.App.1991). 


The record
shows that appellant filed a motion for new trial based in part upon his claim
that trial counsel was ineffective.  The
trial court held a hearing on the motion for new trial, found that appellant=s trial counsel was not ineffective, and
overruled appellant=s
motion.  At the hearing, appellant testified
that he pleaded guilty only because his trial counsel had said he would get
probation and that, otherwise, he would have gone to trial.  According to appellant, his pleas were
involuntary and his counsel was ineffective. 
Appellant testified that trial counsel did not inform him that he did
not have to testify before the grand jury and that trial counsel failed to
interview the victims and potential witnesses. 
However, appellant agreed that none of these potential witnesses were Amaterial@ witnesses.  

Trial
counsel also testified at the hearing on the motion for new trial.  Trial counsel testified that, in his
discussions with appellant, appellant continuously maintained he was innocent.  Nonetheless, trial counsel advised appellant
to plead guilty based on the circumstances in this case, but trial counsel
informed appellant that it was up to appellant to decide for himself.  The circumstances in this case include the
following:  appellant was charged with
sexually assaulting a mentally handicapped child and with committing an
indecent act with another mentally handicapped child; appellant had given a
written confession admitting to these crimes; appellant had failed a polygraph
and then confessed to the polygraph examiner; and appellant had also admitted
to these crimes when testifying before the grand jury.  

At the
hearing, trial counsel=s
recollection was lacking with respect to some of the events involving this
case.  Trial counsel had told the trial
court in a previous hearing that he was incompetent; however, during the
hearing on the motion for new trial, trial counsel testified that he made such
statements as a mere ploy Ato get [appellant] off.@  

In
hindsight, it may not have been prudent to allow appellant to testify before
the grand jury or to subpoena the victims= father and stepmother. 
However, the record shows that appellant had maintained his innocence
when talking to his attorney and that the State, rather than trial counsel,
called the victims=
father and stepmother to testify at the sentencing hearing.  








Appellant
has not shown that trial counsel=s performance fell below an objective standard of reasonableness.  Moreover, appellant has not shown that the
result of the proceeding would have been different but for counsel=s performance.  The first point of error is overruled.  

In the
second point of error, appellant argues that the trial court erred in finding
that his pleas were knowing and voluntary. 
Appellant asserts that he pleaded guilty based upon the misinformation
and bad advice given to him by trial counsel. 
We disagree.  

In order
for a plea of guilty to be appropriate, it must be made freely and
voluntarily.  TEX. CODE CRIM. PRO. ANN.
art. 26.13 (Vernon 1989 & Supp. 2003). 
Proper admonishments by the trial court create a prima facie showing
that a plea of guilty was entered knowingly and voluntarily.  Martinez v. State, 981 S.W.2d 195,
197 (Tex.Cr.App.1998); Ex parte Gibauitch, 688 S.W.2d 868
(Tex.Cr.App.1985).  However, a guilty
plea may not have been made voluntarily or knowingly if it was based upon
erroneous advice or misinformation from trial counsel.  Ex parte Battle, 817 S.W.2d 81, 83 (Tex.Cr.App.1991).  When a defendant enters a plea of guilty
based upon the advice of counsel but subsequently challenges the voluntariness
of that plea based upon ineffective assistance of counsel, an appellate court
must determine (1) whether counsel=s advice was within the range of competence demanded of attorneys in
criminal cases and, if not, (2) whether there is a reasonable probability that,
but for counsel=s errors, the defendant would not have
pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985);
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex.Cr.App.1997), cert. den=d, 525 U.S. 810 (1998).  

Appellant
testified at the hearing on the motion for new trial that he did not want to
plead guilty because he was not guilty but that he pleaded guilty at the behest
of trial counsel.  According to
appellant, when he told trial counsel that he was not signing the plea papers
because he was not guilty, trial counsel told him to Ago ahead and sign it, and we will get you
some probation.@ 
Appellant testified that he would not have pleaded guilty and that he
would have gone to trial but for counsel=s assurance regarding Aprobation.@  








Trial
counsel testified that he did advise appellant to plead guilty but that he did
not promise appellant that he would receive community supervision.  Based upon appellant=s lack of criminal history, trial counsel
thought at the time of the pleas that the trial court might defer the
adjudication of appellant=s guilt and place him on community supervision.  Trial counsel testified that he explained to
appellant that there was no plea bargain agreement and that he informed
appellant of his right to a jury trial, of the right to call witnesses, and of
the potential range of punishment. 
Although trial counsel testified at first that he could not recall
whether he told appellant that appellant could withdraw his pleas after
entering them, trial counsel subsequently confirmed that he did not tell
appellant prior to pleading guilty that appellant could later withdraw his
pleas if he was not satisfied with the outcome.  In response to a question asking whether he promised appellant
that he would receive probation, trial counsel testified: ANever. 
Not an open plea, you don=t do that.@  

Although
appellant subsequently contended that his pleas were involuntary, appellant had
previously stated at the plea hearing that he understood his pleas and his
rights, that he was pleading guilty because he was guilty, and that he entered
his pleas freely and voluntarily.  The
record shows that the trial court properly admonished appellant and that the
trial court properly informed appellant regarding the applicable range of punishment
for these offenses, including the possibility that the trial court could Astack@ the sentences.  See TEX.
PENAL CODE ANN. ' 3.03(b)(2) (Vernon 2003).  The trial court accepted appellant=s pleas and found that they were made freely,
voluntarily, and competently. 

Appellant
has not shown that his pleas were involuntary. 
Consequently, we overrule appellant=s second point of error.  








In his
third point, appellant argues that the trial court erred in failing to sua
sponte withdraw appellant=s guilty pleas because appellant subsequently maintained his
innocence.  A trial court is not
required to sua sponte withdraw a guilty plea and enter a plea of not guilty
when the accused enters the guilty plea before the court after waiving a
jury.  Thomas v. State, 599
S.W.2d 823 (Tex.Cr.App.1980); Moon v. State, 572 S.W.2d 681
(Tex.Cr.App.1978).  This rule applies
even if evidence is presented which raises an issue of fact as to the guilt of
the accused.  The trial court, as the
trier of fact, may decide the issue of the accused=s guilt without withdrawing the plea.  Thomas v. State, supra; Moon
v. State, supra. 
Furthermore, the record contains evidence showing appellant=s guilt, including a stipulation of facts for
each count, appellant=s
written statement confessing to the crimes, and an audiotape of appellant=s grand jury testimony.  Accordingly, the trial court did not err in
failing to sua sponte withdraw appellant=s guilty plea.  The third point
of error is overruled. 

The
judgment of the trial court is affirmed. 


 

JIM
R. WRIGHT

JUSTICE


 

September 18, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.