Opinion issued February 5, 2004



     








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00116-CR
NO. 01-03-00117-CR




AKINTOLA ALABI AJAGBE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 928071 & 928072




MEMORANDUM OPINION

          Appellant, Akintola Alabi Ajagbe, was charged by indictment with the felony
offenses of (1) aggregate theft of over $1,500 and $20,000 and (2) possession of
identifying information. Appellant pleaded guilty to the charges. The trial court
ordered a pre-sentence investigation (PSI) report. Following the PSI hearing, the trial
court sentenced appellant to two years’ confinement for each offense with the
sentences to run concurrently. In three issues, appellant challenges the judgment of
the trial court on the grounds of (1) cruel and unusual punishment, (2) ineffective
assistance of counsel, and (3) failing to sua sponte withdraw appellant’s guilty plea. 
We affirm.
Background
          Appellant was involved in an identity-theft scheme. Appellant applied for
credit in the names of other individuals and committed credit fraud. Appellant also
opened bank accounts in the other individuals’ names and wrote checks between the
various accounts to withdraw funds that he deposited into his own bank account.
          When appellant provided bond money for two individuals involved in a scheme
defrauding the Texas Comptroller’s Office, he came under suspicion by the Harris
County District Attorney’s Office (HCDA). The HCDA discovered several large
transfers of funds from various bank accounts and credit cards into appellant’s bank
account. Investigators executed a search warrant at appellant’s residence and
discovered several boxes containing credit applications and credit cards in other
individuals’ names, other individuals’ social security numbers, driver’s license
numbers, and dates of birth. The investigators located 20 to 25 of these people, all
of whom reported being victims of identity theft.
          Appellant stole approximately $9,025.90 from complainant Jon Yonge and also
stole the driver’s license number, social security number, and date of birth of
complainant Mathew Kubecka.
Jurisdiction          As a preliminary matter, although neither the State nor appellant have
challenged this Court’s jurisdiction, we must address whether we have jurisdiction to
hear appellant’s issues on appeal, given the judgment’s declaration: “Appeal waived. 
No permission to appeal granted.” Appellant’s plea-of-guilty document states,
“Further, I waive any right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor.” The court’s
written admonishments to appellant also contained similar language which stated:
WAIVER OF APPEAL I hereby acknowledge that I have accepted the
plea bargain offer extended to me by the State. I understand that if the
court follows the plea bargain agreement the court will not permit me to
appeal my case. I hereby give up any and all rights that I may have to
appeal this case, including any right that I may have to file a motion for
new trial.
 
          Appellant did not, however, reach a plea agreement with the State. Although
appellant’s waiver was conditioned on the trial court’s accepting a plea agreement, it
is undisputed that no such agreement existed. Because the existence of a plea
agreement was a precondition to waiver, and because there was no plea agreement,
appellant never waived his right to appeal. See Alzarka v. State, 90 S.W.3d 321, 324
(Tex. Crim. App. 2002) (holding that boilerplate waiver-of-appeal language in plea
form ineffective when contradicted by record). We hold, therefore, that appellant did
not waive his right to appeal and address his points of error below.Cruel and Unusual Punishment
          In his first issue, appellant contends that the trial court erred by imposing
sentences that constitute cruel and unusual punishment in violation of the Eighth
Amendment of the United States Constitution and article 1, section 13 of the Texas
Constitution. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13.
          To preserve a complaint of cruel and unusual punishment for appellate review,
appellant had to present to the trial court a timely request, objection, or motion, stating
the specific grounds for the ruling he desired. See Tex. R. App. P. 33.1(a)(1)(A);
Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); In re C.E.M., 64
S.W.3d 425, 427 (Tex. App.––Houston [1st Dist.] 2000, no pet.); Solis v. State, 945
S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).



          A specific objection to the trial court brings the trial court’s attention to a
possible error it may correct. See Solis, 945 S.W.2d at 301 (“The purpose for the rule
is to allow opposing counsel to remove the objection or the trial court to cure any
harm.”). By not objecting in the trial court, the defendant in Solis waived appellate
review of his claims that a 20-year sentence for aggravated assault and a 40-year
sentence for aggravated robbery were grossly disproportionate to the offenses and a
violation of appellant’s federal and state constitutional guarantees against cruel and
unusual punishment. Id.
          Appellant failed to preserve his issue on appeal. The record contains neither an
objection by appellant, when he was sentenced, nor a motion for new trial, after he was
sentenced, concerning any complaints that his two-year sentences were cruel and
unusual. Having concluded that appellant was required to object timely and
specifically by stating the grounds for the ruling he desired, we hold that appellant
waived his federal and state challenges to his two-year sentences on the grounds of
cruel and unusual punishment.
          We overrule appellant’s first issue.
Ineffective Assistance of Counsel
          In his second issue, appellant contends that he was denied his right to
reasonably effective assistance of counsel. See Strickland v. Washington, 466 U.S. 
668, 688, 104 S. Ct. 2052, 2064 (1984), Hernandez v. State, 726 S.W.2d 53 (Tex.
Crim. App. 1986). Appellant must show both that (1) counsel’s performance was so
deficient that counsel was not functioning as acceptable counsel under the Sixth
Amendment, and (2) but for counsel’s error, the result of the proceedings would have
been different. See Strickland, 466 U.S. at 688, 104 S. Ct. at 2064; Gamble v. State,
916 S.W.2d 92, 93 (Tex. App—Houston [1st Dist.] 1996, no pet.).
          It is the defendant’s burden to prove ineffective assistance of counsel. Id. A
defendant must overcome the presumption that the challenged action might be
considered sound trial strategy under the circumstances. Strickland, 466 U.S. at 689,
104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance of
counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996). An appellate court will not find ineffectiveness based
on speculation. Gamble, 916 S.W.2d at 93. 
          Appellant claims that he was deprived of a fair trial because his trial counsel (1)
advised appellant to enter guilty pleas, (2) did not to object to appellant’s two-year
sentences as cruel and unusual punishment, (3) did not attempt to withdraw appellant’s
guilty plea, and (4) did not request a jury trial. The State responds that appellant has
waived appellate review of his ineffective assistance of counsel claim because the
issue is inadequately briefed.
          It is insufficient that an appellant raise only a general constitutional doctrine in
support of his request for relief. Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App.
2002). An appellant must cite specific legal authority and provide legal arguments
based on that authority. Id.
          In this case, appellant merely recites the general constitutional doctrine
regarding effective assistance of counsel and claims that the errors committed by his
trial counsel violated his rights to a fair trial. Appellant provides no legal analysis to
support his argument as to how his constitutional right to effective assistance of
counsel was violated.


 Appellant’s conclusory argument lacks any supporting
authority or legal analysis, is inadequately briefed, and thus presents nothing for our
appellate review. See id.
          We overrule appellant’s second point of error. 
Sua Sponte Withdrawal of Guilty Plea
          In his third issue, appellant claims that the trial court erred by not withdrawing
appellant’s guilty plea sua sponte because evidence was introduced that reasonably
and fairly raised the issue of appellant’s innocence.
          It is well-settled that a defendant may withdraw his guilty plea as a matter of
right before the trial court takes the case under advisement or pronounces judgment. 
 Jackson v. State, 590 S.W.2d 514, 515 ( Tex. Crim. App. 1979). However, when the
defendant decides to withdraw his guilty plea after the trial court takes the case under
advisement or pronounces judgment, withdrawal of the plea is within the sole
discretion of the trial court. Id. There is no requirement that a trial court withdraw a
guilty plea sua sponte after the defendant waives his right to a jury trial and enters a
guilty plea before the court, even if evidence subsequently arises that might reasonably
and fairly raise an issue of fact as to the guilt of the defendant. Thomas v. State, 599
S.W.2d 823, 824 (Tex. Crim. App. 1980). As the trier of fact, the trial court may find
the defendant either not guilty or guilty as the facts require, without withdrawing the
defendant’s plea. Id. 
          In this case, the trial court accepted appellant’s guilty plea and found sufficient
evidence to support his guilt. The trial court then took the case under advisement. 
Thereafter, both in the PSI report and at the sentencing hearing, appellant denied
actual knowledge of committing the offenses because the checks he cashed were given
to him by his friend and he believed them to be good. But appellant never asked the
trial court to withdraw his guilty plea and never objected to his punishment. After the
trial court took appellant’s case under advisement, it was well within the court’s
discretion to disbelieve appellant’s version of events and to find appellant guilty of the
offense. See Jackson, 590 S.W.2d at 515. We hold that the trial court did not abuse
its discretion by not withdrawing appellant’s guilty plea sua sponte.
          We overrule appellant’s third issue
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Elsa Alcala
                                                             Justice
Panel consists of Justices Nuchia, Alcala, and Hanks.
Do Not Publish. Tex. R. App. P. 47.2(b).