**Opinion issued April 27, 2017.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00399-CR

———————————

**CESSICA DESHA DARDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1412122**

## MEMORANDUM OPINION

Appellant, Cessica Desha Darden, pleaded guilty to aggravated assault with a deadly weapon without a punishment recommendation.[1] Following a presentence investigation, the trial court sentenced Appellant to 15 years in prison.

---

[1] *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B) (Vernon Supp. 2016), 22.01(a) (Vernon Supp. 2016); 22.02(a) (Vernon 2011).

On appeal, Appellant raises one issue. Appellant contends that the evidence was insufficient to support the trial court's judgment.

We affirm.

## Background

Darden was indicted for aggravated robbery with a deadly weapon. The indictment alleged that Darden "on or about December 15, 2013, did . . . while in the course of committing theft of property owned by [B. Ginsburg], and with intent to obtain and maintain control of the property, intentionally, knowingly and recklessly cause serious bodily injury to [Ginsburg] by DRIVING A MOTOR VEHICLE ONTO WHICH THE COMPLAINANT WAS HOLDING, ON A ROADWAY"; "by FAILING TO STOP A MOTOR VEHICLE ONTO WHICH THE COMPLAINANT WAS HOLDING"; "DRIVING A MOTOR VEHICLE OVER THE COMPLAINANT"; "by KICKING THE COMPLAINANT WITH HER FOOT." Further, it alleged that she "used and exhibited a deadly weapon, namely, a motor vehicle, during the commission of said offense and during the immediate flight from said offense."

Appellant signed a plea document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The stipulated facts in the document mirror the allegations contained in the indictment. The document also contains the handwritten notation, "State Moves to reduce to Aggravated Assault."

2

The plea document also states that "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on December 15, 2013." The Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession further recites: "In open court I consent to the oral and written stipulation of evidence in this case. . . ." The document went on to to confirm that "punishment would be set without an agreed recommendation." Appellant signed the plea document, and her signature was sworn and subscribed before a deputy district clerk, dated October 2, 2014.

Appellant's defense attorney also signed the document, confirming that he had discussed the document and its consequences with Appellant. The attorney further confirmed that he believed Appellant knowingly and voluntarily signed the document after their discussion. An assistant district attorney also signed the document, consenting to and approving Appellant's waiver of trial by jury and stipulation of evidence. The trial court's signature is also on the plea document, indicating that Appellant had knowingly and voluntarily made the plea.

In another document entitled "Admonishments," Appellant initialed each admonishment paragraph in the document. The admonishments began by informing Appellant that she was "charged with the felony offense of Aggravated Robbery," but "the State moves to reduce such charge to Aggravated Assault SBI." In one admonishment, Appellant specifically acknowledged that she had "read the

3

indictment and committed each and every element alleged." Appellant's signature on the document was sworn to by the district clerk. Appellant's counsel also signed the admonishment document as did the trial court, dated October 2.

At the plea hearing—held the same day Appellant had signed the plea documents—the trial court asked Appellant, if she knew what charge she was facing and what she pleaded to that charge:

> THE COURT: Ms. Darden, you are before the Court charged by felony indictment with the offense of aggravated robbery with serious bodily injury; however, I see the State is moving to reduce that to the offense of aggravated assault. As reduced, it carries a range of punishment from 2 years to 20 years in the Texas Department of Criminal Justice and a fine not to go over $10,000. Did you understand the charge and the range of punishment you are facing?
>
> THE DEFENDANT: Yes.
>
> THE COURT: To that charge, how do you plead, guilty or not guilty?
>
> THE DEFENDANT: Guilty.

The trial court orally admonished Appellant regarding the consequences of her plea. The trial court determined that Appellant had voluntarily pleaded guilty, ascertained that Appellant knew she was giving up her right to a trial to decide whether she was guilty, and ensured that Appellant understood the range of punishment. The trial court stated that it would reset the hearing to another date to allow time for a presentence investigation ("PSI") report.

4

Appellant also testified briefly that Denitra Green, Appellant's co-defendant, drove Appellant and Appellant's child to meet Ginsburg to exchange money for tickets. Instead of an exchange, Appellant testified that after she received the tickets, Green drove away with Ginsburg hanging onto the car, until he fell off:

> I gave him my money, and [Ginsburg] gave me the tickets. I handed the tickets to Green so she could look at them and she was, you know, looking at them and as she sees that she has the tickets, she decides to pull off . . . . [T]he window's still down on my side -- and he comes and grabs . . . my window . . . like, you know, your car's running out of gas and you're trying to push it and that's how he was running in her car. So I'm getting really frightened and scared so get in the back and I'm just, like, you know, like scared screaming, scared. And she's, like, "If you don't get off," I'm going to go faster. I thought he let go voluntarily because she said that. So after that, he was off of her car.

Appellant did not hear from Green again until they went to the concert together.

After completion of the PSI, the trial court conducted a joint sentencing hearing for both Appellant and Green, though the trial court severed the cases before final sentencing. The State offered the PSI report of both Appellant and Green into evidence without objection by Appellant. The PSI report for Appellant states that Appellant responded to Ginsburg's Craiglist offering to sell eight JayZ concert tickets. Appellant arrived in a four-door sedan driven by Green. At Appellant's request, Ginsburg leaned into the car to show her the tickets, and Appellant took the tickets. Green started to drive off with Ginsburg hanging off the car. Appellant hit and kicked Ginsburg to try to make him let go of the car

until he fell off. Ginsburg suffered a broken arm, leg, torn ACL, three shattered fingers, and numerous skin lacerations. Both Appellant and Green were identified at the concert by their assigned seating, and arrested.

Ginsburg testified during the State's case, and his testimony supports the facts alleged in the PSI report with minor variations. Ginsburg testified that "I did feel a kick on my arm, directly at the arm . . . from the passenger either moving or doing something out of scared." The kick "allowed me to break free and I did hit the car and the ground." As a result, Ginsburg testified that he suffered his injuries.

Appellant testified during her case, but she denied intentionally kicking or hitting Ginsburg. When asked on direct examination if she intended to kick Ginsburg off the car, Appellant responded, "I don't know how I would have possibly kicked him while in a car. I mean, I don't recall kicking him. Maybe by getting in the backseat, I might have accidentally; but I didn't kick him intentionally, if I did." Also, when asked, "Now, you've pled guilty to aggravated assault as it refers to Mr. Ginsburg," Appellant answered, "Yes, Sir."

At the end of the sentencing hearing, the trial court found Appellant guilty of aggravated assault with a deadly weapon and sentenced her to 15 years imprisonment. This appeal followed.

6

**Sufficiency of Evidence to Support Conviction**

In her sole issue on appeal, Appellant contends that the evidence was insufficient to support the trial court's judgment because the judicial confession was "an attestation to the charge of aggravated robbery, not aggravated assault, and that error was compounded in open court, when the judge failed to state with any clarity what charge [Appellant] would be pleading to." She also asserts "the State presented no evidence that she acted intentionally, knowingly or recklessly, a requisite element of the charge."

**A.    Legal Principles**

In a review of the sufficiency of the evidence to support each element of a criminal offense, "we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom," the factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).

Article 1.15 of the Code of Criminal Procedure provides that when a defendant waives her right to a jury trial in a felony case:

> [I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). The "[e]vidence offered in support of a guilty plea may take many forms," including a "written stipulation of what the evidence against [her] would be," and such a stipulation "will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

A defendant who pleads guilty need not concede the veracity of the evidence to which she stipulates, but if she does, the court will consider the stipulation to be a judicial confession. *See Stone v. State*, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996). The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged. *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

When presented with conflicting evidence after entry of a guilty plea, the trial court may find the accused guilty, not guilty, or guilty of a lesser offense, as the facts require. *See Thomas v. State*, 599 S.W.2d 823, 824 (Tex. Crim. App. [Panel Op.] 1980); *Rivera v. State*, 123 S.W.3d 21, 33 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); s*ee also Aldrich v. State*, 53 S.W.3d 460, 467 (Tex. App.—Dallas 2001), *aff'd*, 104 S.W.3d 890 (Tex. Crim. App. 2003) (holding trial court should consider all evidence submitted, and then find defendant guilty as charged, guilty of lesser-included offense, or not guilty, as required by evidence.)

An offense is a lesser-included offense if the lesser offense: (1) "is established by proof of the same or less than all the facts required to establish the commission of the offense charged"; differs from the charged offense by requiring a (2) "less serious injury or risk of injury" or (3) "less culpable mental state"; or (4) "consists of an attempt to commit the offense charged or an otherwise included offense." TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006).

A person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of property, she intentionally or knowingly places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (Vernon 2011). Theft is the unlawful appropriation of property with the intent to deprive the owner of the property. *See id.* § 31.03(a) (Vernon Supp. 2016). A person commits aggravated robbery when she commits robbery and uses or exhibits a deadly weapon. *See id.* § 29.03(a)(2) (Vernon 2011). A deadly weapon may include "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See id.* § 1.07(a)(17)(B) (Vernon Supp. 2016).

A person commits the offense of assault "if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another . . . ." TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2016). A person commits the offense of aggravated assault if the person commits assault and "(1) causes serious bodily

9

injury to another . . . ; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a) (Vernon 2011).

The proof necessary for the elements of aggravated assault with a deadly weapon may be encompassed within the proof necessary to establish the aggravated robbery charged in an indictment. *See Zapata v. State*, 449 S.W.3d 220, 225 (Tex. App.—San Antonio 2014, no pet.).

## B.    Analysis

Appellant signed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The stipulated facts in each document mirror the allegations in the indictment for aggravated robbery with a deadly weapon, except it adds the handwritten note, "State Moves to reduce to Aggravated Assault." With respect to the offense against Ginsburg, Appellant confessed that she "on or about December 15, 2013, did . . . while in the course of committing theft of property owned by [B. Ginsburg], and with intent to obtain and maintain control of the property, intentionally, knowingly and recklessly cause serious bodily injury to [Ginsburg] by DRIVING A MOTOR VEHICLE ONTO WHICH THE COMPLAINANT WAS HOLDING, ON A ROADWAY"; "by FAILING TO STOP A MOTOR VEHICLE ONTO WHICH THE COMPLAINANT WAS HOLDING"; "DRIVING A MOTOR VEHICLE OVER THE COMPLAINANT"; "by KICKING THE COMPLAINANT WITH HER

FOOT." Further, she confessed that she "used and exhibited a deadly weapon, namely, a motor vehicle, during the commission of said offense and during the immediate flight from said offense."

Appellant waived "the right of trial by jury . . . [and] the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination." She acknowledged, "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on December 15, 2013." In addition, in the written admonishments, Appellant consented to "the oral and written stipulations of evidence in this case" and acknowledged that she "read the indictment and committed each and every element alleged."

In short, the record shows that Appellant signed a sworn written statement covering all elements of the charged offense, admitting her culpability and acknowledging that the allegations against her were true and correct. Thus, Appellant "acknowledged, independently of her guilty plea, that [she] 'committed each and every element alleged.'" *Cardenas v. State*, 403 S.W.3d 377, 381 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014) (citing *Menefee*, 287 S.W.3d at 13). "When an appellant has provided a valid judicial confession to all of the elements of the offense, the record need not provide further proof." *Id.* (citing *Menefee*, 287 S.W.3d at 13–14, 17–18). We hold

11

Appellant's judicial confessions supplied sufficient evidence to prove the elements for either an aggravated-robbery offense or the lesser-included offense of aggravated assault. *See Merritt*, 368 S.W.3d at 525.

Appellant first argues that her judicial confession is insufficient because it was "an attestation to the charge of aggravated robbery, not aggravated assault, and that error was compounded in open court, when the judge failed to state with any clarity what charge [Appellant] would be pleading to." In support of Appellant's claim, she cites to *Breaux v. State* for the proposition that where a judicial confession is insufficient, the judgment must be reversed. 16 S.W.3d 854, 857 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Because her judicial confession supported the elements of aggravated robbery, Appellant argues, the elements of aggravated assault were unsupported.

*Breaux* is, however, distinguishable from the instant case because *Breaux* involved the omission of an element in the judicial confession, not the sentence of a lesser-included offense. In *Breaux*, our sister court found no evidence of harm to the complainant in the judicial confession, which was the State's sole piece of evidence. *Id.* The judicial confession omitted the word 'injury': "on or about FEBRUARY 23, 1998, did then and there unlawfully, intentionally, knowingly and recklessly, by driving a motor vehicle in the direction of JOHN UPTON, *cause bodily [sic] to JOHN UPTON*." *Id.* Because the judicial confession did not

evidence injury, the trial court held the judicial confession was insufficient to support Breaux's conviction. *Id.*; *see also York v. State*, 566 S.W.2d 936, 938–39 (Tex. Crim. App. 1978) (holding omission of part of clause "without the effective consent of the owner" from judicial confession made confession insufficient to support conviction because necessary element of offense of burglary of habitation was not established by any other evidence.) Appellant does not allege the indictment or confession is missing an element, such as injury, but that none of the elements of aggravated assault are included because she pleaded guilty to aggravated robbery.

But aggravated robbery contains the lesser-included offense of aggravated assault as alleged in the indictment and judicial confession. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09; *Zapata*, 449 S.W.3d at 225. The State indicted Appellant, and Appellant judicially confessed to aggravated robbery with a deadly weapon:

- while in the course of committing theft of property owned by [B. Ginsburg];

- with intent to obtain and maintain control of the property;

- *intentionally, knowingly and recklessly cause serious bodily injury to [Ginsburg] by [various means described above]*; and

- she "used and exhibited *a deadly weapon*, namely, a motor vehicle, during the commission of said offense.

13

(emphasis added); s*ee* TEX. PENAL CODE ANN. §§ 29.02(a)(2); 29.03(a)(2). A person may be charged with aggravated assault if she "intentionally, knowingly, or recklessly causes bodily injury to another" and "uses or exhibits a deadly weapon during the commission of the assault." *Id.* §§ 22.01(a)(1); 22.02(a)(2). Both elements were alleged by the State in the indictment, and thus aggravated assault by causing bodily injury and using a deadly weapon is a lesser-included offense of the aggravated robbery charged in the indictment. *See Zapata*, 449 S.W.3d at 225. We hold the judicial confessions, which mirrored the indictment, supplied sufficient evidence to prove the elements for the aggravated assault offense.[2] *See Merritt*, 368 S.W.3d at 525.

A court may, and the trial court did find Appellant guilty of the lesser offense of aggravated assault, as the facts require. *See Thomas*, 599 S.W.2d at 824; *Rivera*, 123 S.W.3d at 33; *Aldrich*, 53 S.W.3d at 467. Thus, we conclude that even if Appellant pleaded guilty and confessed only to aggravated robbery, the trial court could find her guilty of aggravated assault, as it did.

---

[2]    As the State points out, Ginsburg's testimony and the PSI report, admitted without objection at the sentencing hearing, also contained evidence of Appellant's guilt for each offense. *See Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (rejecting argument that evidence of guilt must be presented during "guilt/innocence phase" and noting that "article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase").

Also contrary to Appellant's assertion, the trial court did not create confusion when it asked for Appellant's plea, because the record reflects an initial charge of aggravated robbery with a deadly weapon reduced to aggravated assault with a deadly weapon. The indictment was for aggravated robbery. Both the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and admonishments indicate that the initial charge was aggravated robbery, but the State moved to reduce the charge to aggravated assault. Appellant signed both documents and initialed the paragraph in the admonishments. The trial court's statement acknowledges the State's motion and explained the reduced sentence range of aggravated assault before asking Appellant to plead. Further, during Appellant's testimony, when asked, "Now, you've pled guilty to aggravated assault as it refers to Mr. Ginsburg," Appellant answered, "Yes, Sir." Thus, we hold Appellant pleaded guilty to aggravated assault with a deadly weapon, though she confessed to facts that would support either an aggravated-robbery offense or the lesser-included offense of aggravated assault.

Appellant also argues that the evidence was not sufficient to support that she acted intentionally, knowingly or recklessly, a requisite element of the charge, because testimony did not support those elements. She asserts that her testimony during the colloquy did not admit to intentionally, knowingly, or recklessly kicking Ginsburg. She next asserts that Ginsburg's testimony "confirms that [Appellant]

15

could very well have been scared and moving to the back seat," and so "does not know whether she kicked him intentionally or knowingly or recklessly." She asserts that these statements render the evidence insufficient to sustain her convictions. We disagree.

Presuming Appellant's assertion, the trial court could still have found her guilty of the lesser-included offense. As discussed above, the judicial confession supported all the elements of the offense. The trial court could properly resolve the conflicting evidence by finding Appellant guilty of the lesser-included offense. *See Thomas*, 599 S.W.2d at 824; *Rivera*, 123 S.W.3d at 33; *Aldrich*, 53 S.W.3d at 467. We conclude that even if testimony did not support the intent element, other evidence did, and so the trial court's judgment is supported by some evidence. As such, we must support it. *See Merritt*, 368 S.W.3d at 525.

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

16